IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TREA SENIOR CITIZENS LEAGUE<br>909 N. Washington Street, Suite 300<br>Alexandria, Virginia  22314,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF STATE<br>515 22nd Street, N.W.<br>Washington, D.C.  20522-6001,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, for injunctive and other appropriate relief, to enjoin defendant from withholding from public disclosure certain records within its possession and control and to order defendant to release those records that were duly requested by plaintiff and wrongfully denied by defendant.

**Jurisdiction and Venue**

2.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue lies in this judicial district under 5 U.S.C. § 552(a)(4)(B).

2

**Parties**

3. Plaintiff, TREA Senior Citizens League ("TSCL"), is a nonprofit social welfare organization incorporated under the laws of Colorado, and is tax-exempt under section 501(c)(4) of the Internal Revenue Code of 1986. TSCL's activities include monitoring developments in the United States with respect to the interests of senior citizens and defending those interests before government, developing educational materials designed to explain to senior citizens their various rights as U.S. citizens, and raising the level of public awareness of senior citizens' rights, conducting surveys and polls, and publishing and distributing informational newsletters to members, supporters, and the public.

4. Defendant, the United States Department of State ("State Department"), is a department of the Executive Branch of the United States Government. The State Department is an agency within the meaning of 5 U.S.C. § 552(f), established by statute and charged with responsibility for, *inter alia*, assisting in the conduct of relations between the United States and foreign governments, including negotiations, agreements and treaties. Defendant State Department has possession of and control over the records, memoranda, reports, documents, publications and similar papers and files sought by plaintiff in this action.

**The U.S./Mexico Social Security Totalization Agreement**

5. Plaintiff educates the public with respect to certain government policies and practices affecting the United States Social Security program, including the policies and procedures by which the United States enters into Social Security totalization agreements with other nations, as well as the impact of such agreements on the United States Social Security benefit program and its Trust Funds.

3

6. It has been reported that, during the approximate period 2002-2004, the United States Commissioner of Social Security and the Director General of the Mexican Social Security Institute were involved in negotiating a totalization agreement between their respective countries (hereinafter "the U.S./Mexico Social Security Totalization Agreement" or "the totalization agreement"), and the Social Security Administration has publicly announced that such an agreement has been signed by both nations. Plaintiff believes that defendant possesses numerous documents relative to the totalization agreement that should be disclosed under FOIA. Defendant, however, has frustrated plaintiff's efforts to obtain such documents over the course of the past three years.

**Plaintiff's Initial FOIA Request**

7. By letter to defendant State Department dated August 4, 2003 (Exhibit A hereto), plaintiff requested under FOIA the disclosure of various documents related to any agreement, or proposed agreement, between the United States and Mexico which would provide, in any manner whatsoever, for the payment of U.S. Social Security benefits to Mexican nationals, as well as all budgetary, fiscal and economic analyses of the anticipated or projected financial impact of such an agreement. Plaintiff also sought a fee waiver with respect to its FOIA request, and requested expedited processing.

8. By letter dated August 12, 2003 (Exhibit B hereto), the State Department responded to plaintiff's FOIA request, informing plaintiff of various matters concerning FOIA requests, stating that processing of plaintiff's request had begun and that plaintiff would be notified "as soon as responsive material has been retrieved," and granting plaintiff's request for a fee waiver.

4

9. For the next seven months, plaintiff heard nothing further from the State Department and, by letter dated March 8, 2004 (Exhibit C hereto), plaintiff questioned defendant as to why no response to its FOIA request had yet been received, renewing its original records request.

10. By letter dated August 30, 2004 (Exhibit D hereto), defendant advised plaintiff that it had located three documents in "a second search of the Central Foreign Policy Records" that appeared to be responsive to plaintiff's request, two of which could be released "with excisions," and one of which was withheld. Defendant also advised plaintiff that a search of the records of the American Embassy in Mexico was "still in progress." The withheld record was claimed to be exempt under the deliberative process exemption of 5 U.S.C. § 552(b)(5) and the privacy exemption of 5 U.S.C. § 552(b)(6). No draft or copy of the U.S./Mexico Totalization Agreement was provided, and the documents that were provided by defendant were virtually useless, containing little or no information regarding the totalization agreement or the projected financial impact of such an agreement.

11. Five months later, by letter dated February 10, 2005 (Exhibit E hereto), defendant advised plaintiff that its search of the records of the American Embassy in Mexico had yielded no responsive records, and that the processing of plaintiff's FOIA request was now complete, and claiming that plaintiff was now indebted to defendant for certain search fees.

12. By letter dated April 28, 2005 (Exhibit F hereto), plaintiff advised defendant that the asserted search fees were inconsistent with defendant's earlier grant of a fee waiver, as set forth in defendant's letter dated August 12, 2003 (Exhibit B hereto). By letter dated May 23,

5

2005 (Exhibit G hereto), defendant confirmed that plaintiff was correct on the fee waiver issue, and that no money was owed to defendant by plaintiff.

**Plaintiff's Current FOIA Request**

13. By letter to defendant State Department dated May 6, 2005 (Exhibit H hereto, referred to hereinafter as "plaintiff's FOIA request"), plaintiff requested under FOIA the disclosure of the following documents:

(1) the final version of the Social Security Totalization Agreement with the government of Mexico;

(2) all proposed or draft versions of any Social Security Totalization agreement, treaty, or accord, as well as any proposed legislation relating thereto, either formerly or currently being considered or negotiated, between the United States and Mexico, pursuant to 42 U.S.C. section 433, and any such documents negotiated or considered under any other statutory, or other, authority;

(3) all budgetary, fiscal, and economic analyses of the anticipated or projected financial impact on (i) the United States, (ii) the Social Security Trust Fund, and/or (iii) American senior citizens which would result from a United States/Mexico Social Security Totalization agreement;

(4) if not already provided above, all documents estimating and/or projecting the pay-out to Mexican nationals of Social Security benefits by the United States by virtue of any Social Security Totalization agreement during the current century;

(5) all estimates of the number of Mexican nationals who currently live legally in the United States, and of the number of Mexican nationals who live illegally in the United States;

(6) all estimates of the number of Mexican nationals who could receive Social Security benefits if the United States/Mexico Social Security Totalization agreement were approved by Congress;

6

      (7) all estimates of the number of Mexican nationals who Permanently Reside in the United States Under Color of Law ("PRUCOL" aliens);

      (8) all documents relating to the applicability of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (8 U.S.C. section 1601, *et seq*.) to granting Social Security benefits to Mexican nationals;

      (9) all documents mentioning and/or analyzing either the advantages or the disadvantages, or both, to the United States or any of its citizens expected to result from the United States/Mexico Social Security Totalization agreement; and

      (10) all documents relating to the preparation of the estimates to be submitted to Congress as required by 42 U.S.C. section 433(e)(1).

14. Plaintiff's FOIA request of May 6, 2005, also contained a request for a fee waiver and a request for expedited processing.

**Defendant's Inadequate Response**

15. By letter to plaintiff dated June 14, 2005 (Exhibit I hereto), defendant acknowledged receipt of plaintiff's FOIA request for documents "relating to the agreement between the Unite States and Mexico which would provide for the payment of U.S. Social Security benefits to Mexican nationals." Defendant asserted that it would begin processing plaintiff's request, and that defendant would notify plaintiff "as soon as responsive material has been retrieved and reviewed," but it denied plaintiff's requests for expedited processing and fee waiver.

16. By letter to defendant dated August 19, 2005 (Exhibit J hereto), plaintiff again requested action on its FOIA request, noting defendant's response was long overdue, plaintiff

7

having received neither any additional information regarding its request nor any request for an extension of the response time.

17. By letter dated September 30, 2005 (Exhibit K hereto), plaintiff appealed the June 14, 2005 denial of its fee waiver request. By letter dated December 13, 2005 (Exhibit L hereto), defendant denied that appeal.

18. By letter dated January 19, 2006 (Exhibit M hereto), plaintiff appealed defendant's effective denial of its FOIA request, defendant having continued to fail to respond to plaintiff's FOIA request, including plaintiff's follow-up request for action, or to provide documents to plaintiff.

19. In late January 2006, defendant advised plaintiff that its appeal was moot because defendant was in the process of responding to plaintiff's FOIA request, and that such response would be sent by defendant prior to consideration by defendant of plaintiff's appeal.

20. By letter dated February 1, 2006 (Exhibit N hereto), defendant finally responded to plaintiff's FOIA request, furnishing certain documents, but substantially denying the request. Among the six responsive documents said to have been retrieved as a result of the State Department's the search of its "Central Foreign Policy Records," defendant asserted that only four could be partially released and that "two may not be released." The two documents withheld in full were said to be "classified under Executive Order 12598 in the interest of national defense or foreign relations" and exempt under FOIA subsection (b)(1), but defendant failed to indicate with any specificity what the withheld documents are. The four documents that were partially released were redacted in part because they were said to relate to "the internal personnel rules and practices of an agency" and exempt under FOIA subsection (b)(2).

8

No copy of the U.S./Mexico Totalization Agreement was furnished, nor were any documents furnished that appeared to respond to any of the categories of documents set forth in plaintiff's FOIA request.

21. Upon information and belief, defendant has possession or control of documents, other than those identified in its letter of February 1, 2006, that are responsive to plaintiff's FOIA request and that defendant has not identified in its letter of February 1, 2006 or claimed are exempt from disclosure.

22. By letter to defendant dated March 20, 2006 (Exhibit O hereto), plaintiff timely appealed the denial of its FOIA request, in conformity with the instructions contained in the February 1, 2006 denial letter by defendants (Exhibit N hereto) and the requirements of 5 U.S.C. § 552.

23. Defendant's denial of plaintiff's FOIA request was unreasonable, violating both the letter and the spirit of the FOIA for a number of reasons, including the following: (1) defendant failed to describe with specificity what those withheld documents (or withheld portions of documents) are, making it impossible for plaintiff to evaluate the reasonableness of the agency's decision to withhold or redact documents pursuant to the claimed exemptions; and (2) defendant failed to provide plaintiff with any meaningful documents, refusing to provide or even mention documents that defendant believes to exist, including but not limited to a signed copy or final version of the U.S./Mexico Totalization Agreement itself, a document that plaintiff specifically requested.

9

24. By letter dated March 28, 2006 (Exhibit P hereto), defendant acknowledged plaintiff's appeal, but did not address the merits of the appeal in any way, merely indicating instead that searches for material responsive to plaintiff's FOIA request were ongoing.

25. By letter to defendant dated April 26, 2006 (Exhibit Q hereto), having received no further response to its letter of appeal, plaintiff requested a decision on its appeal, noting that the State Department's prior response was inadequate and asking that plaintiff's points on appeal be addresses on the merits.

26. By letter dated May 1, 2006 (Exhibit R hereto), defendant responded to plaintiff's letter of April 26, 2006, indicating that it was "not possible to predict when action on [plaintiff's] appeal will be completed," and that "since the twenty-day period has elapsed, [plaintiff is] free to seek judicial review."

27. Plaintiff has exhausted the applicable administrative remedies.

28. Defendant has wrongfully withheld the requested records from plaintiff.

**First Cause of Action:
Violation of the Freedom of Information Act for
Failure to Respond Timely to and Grant Request for Disclosure**

29. Plaintiff repeats and realleges paragraphs 1-28 of this Complaint as if fully set forth herein.

30. Defendant's failure to respond timely to, and grant, plaintiff's request for document disclosure violates the FOIA, 5 U.S.C. § 552(a)(3), and defendant State Department's own regulations promulgated thereunder, 22 C.F.R. §§ 171.4 and 171.12.

10

31. Plaintiff has a right of access to the requested records under 5 U.S.C. § 552(a), and there is no legal basis for defendant's denial of such access

### Second Cause of Action:
### Failure to Grant Fee Waiver

32. Plaintiff repeats and realleges paragraphs 1-28 above as if fully set forth herein.

33. Defendant's failure to grant plaintiff's request for fee waiver was arbitrary, capricious, an abuse of discretion, and not in accordance with law, all in violation of FOIA, 5 U.S.C. § 552(a)(4)(a)(iii), and defendant State Department's own regulations promulgated thereunder, 22 C.F.R. § 171.15.

WHEREFORE, plaintiff prays that this Court:

1. Enter judgment in favor of plaintiff and order the defendant to process the requested records expeditiously and, upon completion of such expedited processing, to disclose the requested records in their entireties and make copies available to plaintiff as requested by plaintiff;

2. Determine, pursuant to 5 U.S.C. § 552(a)(4)(A)(vii), that plaintiff is entitled to a fee waiver;

3. Award plaintiff its costs and reasonable attorney fees in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

4. Grant such other and further relief as the Court may deem just and proper.

_____
WILLIAM J. OLSON
(D.C. Bar No. 233833)

11

                                                  _____
JOHN S. MILES
(D.C. Bar No. 166751)

HERBERT W. TITUS
JEREMIAH L. MORGAN
WILLIAM J. OLSON, P.C.
8180 Greensboro Drive, Suite 1070
McLean, VA 22102-3860
703-356-5070 (telephone)
703-356-5085 (fax)
wjo@mindspring.com (e-mail)

Counsel for Plaintiff