IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TREA SENIOR CITIZENS LEAGUE               )
909 N. Washington Street, Suite 300       )
Alexandria, Virginia  22314,              )
                                          )
            Plaintiff,                     )
                                          )
      v.                                   )        Civil Action No. _____
                                          )
UNITED STATES DEPARTMENT OF STATE         )
515 22nd Street, N.W.                      )
Washington, D.C.  20522-6001,             )
                                          )
            Defendant.                     )

**EXHIBITS TO COMPLAINT**

# WILLIAM J. OLSON, P.C.

ATTORNEYS AT LAW

8180 GREENSBORO DRIVE, SUITE 1070

McLEAN, VIRGINIA 22102-3860

TELEPHONE (703) 356-5070

FAX (703) 356-5085

E-MAIL wjo@mindspring.com

http://www.lawandfreedom.com

WILLIAM J. OLSON
(D.C., VA.)
JOHN S. MILES
(D.C., MD., VA., OF COUNSEL)
HERBERT W. TITUS
(VA., OF COUNSEL)

600 PENNSYLVANIA AVE., S.E.
SUITE 410
WASHINGTON, D.C. 20003-4303
TELEPHONE (202) 547-9080

August 4, 2003

By mail and by fax to 202-261-8590

Ms. Margaret P. Grafeld
Information and Privacy Coordinator
Office of Information Resources
 Management Programs and Services
A/RPS/IPS, SA-2
Department of State
Washington, D.C. 20522-6001

Re:    Freedom of Information Act (FOIA) Request
        of TREA Senior Citizens League

Dear Ms. Grafeld:

        We represent, and submit this Freedom of Information Act request on behalf of, TREA Senior Citizens League ("TSCL"), a nonprofit corporation exempt from federal taxation under Section 501(c)(4) of the Internal Revenue Code, with its principal office at 909 N. Washington St., Suite 300, Alexandria, VA 22314. TSCL, with more than 1.3 million members, educates its constituents and the public on matters of national legislation that are relevant to the senior citizens of America, including efforts to influence the passage of national legislation favorable to senior citizens. TSCL and its senior citizen members are concerned, for example, about the protection of Social Security, Medicare and veteran or military retiree benefits, and TSCL works to educate the public regarding the relevant issues and ways of accomplishing such protection.

## Document Request

        Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. section 551, *et seq.*, and the Department of State's implementing regulations, 22 C.F.R. § 171.1, *et seq.*, we hereby request copies of the documents itemized below relating to any agreement, or proposed agreement, between the United States and Mexico which would provide, in any manner whatsoever, for the payment of U.S. Social Security benefits to Mexican nationals. Such

EXHIBIT A

2

agreement or proposed agreement is referred to herein as "Social Security Totalization agreement." The specific documents requested are as follows:

(1) all proposed or draft versions of any Social Security Totalization agreement, treaty, or accord, as well as any proposed legislation relating thereto, either formerly or currently being considered or negotiated, between the United States and Mexico, pursuant to 42 U.S.C. section 433, and any such documents negotiated or considered pursuant to any other authority;

(2) all budgetary, fiscal, and economic analyses of the anticipated or projected financial impact on (i) the United States, (ii) the Social Security Trust Fund, and/or (iii) American senior citizens, which would result from a United States/Mexico Social Security Totalization agreement;

(3) if not already provided above, all documents estimating and/or projecting the pay-out to Mexican nationals of Social Security benefits by the United States by virtue of any Social Security Totalization agreement during the current century;

(4) all estimates of the number of Mexican nationals who currently live legally in the United States, and the number of Mexican nationals who live illegally in the United States;

(5) all estimates of the number of Mexican nationals who could receive Social Security benefits if a United States/Mexico Social Security Totalization agreement were entered into;

(6) all estimates of the number of Mexican nationals who Permanently Reside in the United States Under Color of Law ("PRUCOL" aliens);

(7) all documents relating to the applicability of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (8 U.S.C. section 1601, et seq.) to granting Social Security benefits to Mexican nationals; and

(8) all documents mentioning and/or analyzing either the advantages or the disadvantages, or both, to the United States or any of its citizens expected to result from a United States/Mexico Social Security Totalization agreement.

3

Please mail the documents to the following address:

William J. Olson, Esquire
William J. Olson, P.C.
8180 Greensboro Drive, Suite 1070
McLean, VA  22102-3860

## Fee Waiver Request

We are requesting, from the Chief of the Request Processing Section, a waiver of the search, review, and copying fees as provided under section 5 U.S.C. § 552(a)(4)(A) and 22 C.F.R. § 171.15.  TSCL is a nonprofit organization seeking the requested documents so that the economic effect on senior citizens can be assessed.

If this request is denied, we would appreciate an estimate of the costs involved in procuring any of the requested documents if the cost exceeds $100.  If the costs do not exceed $100, however, we do not need an estimate, and we will guarantee payment.

## Expedition Requested

The possible Social Security Totalization agreement or treaty with Mexico is a public policy issue of great importance to all Americans, and senior citizens now covered by Social Security in particular.  This treaty has received significant attention in the media.  Federal legislation is now pending relating to this treaty negotiation (*e.g.*, H.R. 489).  All of these factors lead us to request that the 20-day response time imposed by 22 C.F.R. § 171.12 be adhered to strictly.  We look forward to hearing from you within 20 business days.

Thank you for your prompt attention to this request.

Sincerely yours,

William J. Olson

WJO:jlm

cc:    Mr. George Smith, Chairman
       TREA Senior Citizens League



United States Department of State

*Washington, D.C.  20520*

                                        August 12, 2003
                        Request Number: Case # 200302670

William J. Olson, Esquire
8180 Greensboro Drive, Suite 1070
McLean  VA 22102-3860

Dear Mr. Olson:

Thank you for your letter of August 4, 2003 in which you
requested documents regarding a Social Security
Totalization agreement between Mexico and the United States
from January 1, 1999 to the date of your request, on behalf
of TREA Senior Citizens League as described.

For your information, the following are conditions which
govern all Freedom of Information Act (FOIA) requests:

    The cut-off date for retrieving records is the date
    that a search is initiated.  Only existing records are
    subject to the Freedom of Information Act.

We have begun to process your request based upon the
information provided in your letter.  As soon as responsive
material has been retrieved and reviewed, we will notify you.

Some of the material that you seek may be held by other
agencies such as the Bureau of Citizenship and Immigration
Services for immigration statistics (your items 4,5, & 6),
the Social Security Administration for budgetary and
analysis information, and the Department of Treasury.  If
you wish to contact the Freedom of Information/Privacy
Office of those agencies the addresses are:

            Bureau of Citizenship and Immigration Services
            FOIA/PA Branch
            425 I Street, NW, 2nd Floor
            Washington, D.C. 20536



—        EXHIBIT B

- 2 -

Social Security Administration
FOIA Office, 3A7 Operations Bldg.
6401 Security Blvd.
Baltimore, MD 21235

Department of Treasury
Office of the General Counsel, Rm. 1410
1500 Pennsylvania Avenue, N.W.
Washington, DC 20220

**Fee Information:**
The Freedom of Information Act permits agencies to collect
fees to recover the direct costs of processing requests,
unless a fee waiver has been granted or the charges fall
below a certain amount.  These issues are addressed below.

Your request for a fee waiver has been granted; therefore,
your request will be processed at no charge to you.

Based upon the information that you have provided, this
request will be processed in accordance with the fee schedule
designated for the following category of requesters.  (See 22
C.F.R. Part 171.14 of the enclosed "Rules and Regulations".)

    ( )  commercial use requester (pays search, review &
         duplication costs)
    ( )  educational institutions (pays duplication costs
         after first 100 pages)
    ( )  non-commercial scientific institutions (pays
         duplication costs after first 100 pages)
    ( )  representative of the news media (pays duplication
         costs after first 100 pages)
    (X)  all other requesters (pays search time after 2
         hours/duplication costs after first 100 pages)

The Department's search and review fees are:
    Administrative/Clerical  $ 8.00/hour
    Professional             $17.00/hour
    Executive                $30.00/hour

    Copy costs are assessed at the rate of $0.25 per page.

- 3 -

Our published regulations regarding expedition, 22 CFR
171.12, require a specific showing of a compelling need.
Expeditious processing is only granted in the following
situation: 1) imminent threat to the life or physical
safety of an individual, 2) urgently needed by an
individual primarily engaged in disseminating information
in order to inform the public concerning actual or alleged
Federal Government activity and the information is urgently
needed in that a particular value of the information would
be lost if not disseminated quickly, 3) substantial
humanitarian reasons, and 4) loss of substantial due
process rights.  Your request does not meet any of the
established criteria.  Regretfully, I must advise that you
have not provided adequate justification for expedition.
For your convenience, I have enclosed a copy of the
Department's expeditious processing criteria.

If you wish to appeal the denial of expedition, you may
write to Chief, Requester Liaison Division, at the address
below.

Due to its central role in conducting U.S. foreign affairs
and the significant public interest in access to its records,
the Department receives requests of a number, range and
complexity perhaps unparalleled among government agencies.
Because of the large number of requests now pending with the
Department, we anticipate that our response will be delayed.

If you have any questions with respect to the processing of
this request, you may write to:

> Office of Information Programs and Services
> A/RPS/IPS/RL
> U.S. Department of State, SA-2
> Washington, D.C.  20522-6001

- 4 -

or telephone: (202) 261-8314 or fax: (202) 261-8579.  You may
visit our website at http://foia.state.gov or through the main
State Department website at www.state.gov.  Please be sure to
refer to your request number in all correspondence about this
case.

Sincerely,

Rosemary Regan
Office of Information
 Programs and Services

Enclosures:
  As stated.

# WILLIAM J. OLSON, P.C.

ATTORNEYS AT LAW

8180 GREENSBORO DRIVE, SUITE 1070

McLEAN, VIRGINIA 22102-3860

TELEPHONE (703) 356-5070

FAX (703) 356-5085

E-MAIL: wjo@mindspring.com

http://www.lawandfreedom.com

WILLIAM J. OLSON
(D.C., VA.)
JOHN S. MILES
(D.C., MD., VA., OF COUNSEL)
HERBERT W. TITUS
(VA., OF COUNSEL)

600 PENNSYLVANIA AVE., S.E.
SUITE 410
WASHINGTON, D.C. 20003-4303
TELEPHONE (202) 547-9080

March 8, 2004

By mail and by fax to 202-261-8579

Ms. Rosemary Regan
Office of Information Programs and Services
A/RPS/IPS/RL
U.S. Department of State, SA-2
Washington, D.C. 20522-6001

Re:    Case # 200302670:  Freedom of Information Act (FOIA) Request
       of TREA Senior Citizens League

Dear Ms. Regan:

We represent TREA Senior Citizens League ("TSCL"), a nonprofit corporation exempt from federal taxation under Section 501(c)(4) of the Internal Revenue Code, with its principal office at 909 N. Washington St., Suite 300, Alexandria, VA 22314.

On August 4, 2003, on TSCL's behalf, we submitted a FOIA request, requesting records relating to a proposed Social Security Totalization Agreement with Mexico. A copy of that letter is enclosed.

Although we have received a letter, dated August 12, 2003 (copy enclosed), acknowledging our request (which included a waiver of fees and a denial of our request to expedite the processing of our FOIA request), and notifying us that your response would be delayed (for an unspecified amount of time), we expected a response well before this time. We had two telephone conversations with your office, but no records. Please respond to our request for records.

Sincerely yours,

William J. Olson

WJO:jlm
Enclosures

cc:    Mr. George Smith, Chairman
       TREA Senior Citizens League

EXHIBIT C



**United States Department of State**

*Washington, D.C. 20520*

Case No. 200302670
Segment: ER002

AUG 30 ...

Mr. William J. Olson
8180 Greensboro Drive, Suite 1070
McLean, Virginia 22102-3860

Dear Mr. Olson:

I refer to our letter of May 17, 2004, in which you were
given the status of your request.

A second search of the Central Foreign Policy Records has
been conducted, resulting in the retrieval of three documents
that appear responsive to your request. After reviewing these
documents, we have determined that two may be released with
excisions, and one may not be released. All released material
is enclosed.

The material in the excised portions of the two documents
released in part is currently and properly classified under
Executive Order 12958 in the interest of national defense or
foreign relations. As such, it is exempt from release under
subsection (b)(1) of the Freedom of Information Act.

The information in the excised portions of one of the
documents released in part and in the document withheld in
full is exempt from release under subsection (b)(5) of the
Freedom of Information Act because it consists of pre-
decisional deliberative process material.

The material in one of the documents withheld in full is of
such a nature that its release would constitute a clearly
unwarranted invasion of personal privacy. As such, it is
exempt from release under subsection (b)(6) of the Freedom
of Information Act.

In some cases, two or more exemptions may apply to the same
document.



EXHIBIT D

- 2 -

With respect to material we have withheld under the Freedom
of Information Act, you have the right to appeal our
determination within 60 days.  Appeals should be addressed to
the Chairman, Appeals Review Panel, c/o Appeals Officer,
A/RPS/IPS/PP/IA, SA-2, Room 8100, Department of State,
Washington, D.C. 20522-8100.  The letter of appeal should
refer to the case and segment numbers shown above.  A copy of
the appeals procedures is enclosed.

Still in progress is the search of the records of the
American Embassy in Mexico.

Additional information will be provided as soon as it becomes
available.

If you have any questions with respect to the processing of
your request, you may write to the Office of Information
Programs and Services, SA-2, Department of State, Washington,
D.C. 20522-8100.  You may also reach us by telephone at (202)
261-8314.  Please be sure to refer to the case and segment
numbers shown above in all correspondence about this case.

Your continuing cooperation is appreciated.

Sincerely,

Margaret P. Grafeld
Director
Office of Information Programs and
Services

Enclosures:
  As stated.



**United States Department of State**

*Washington, D.C. 20520*

Case No. 200302670
Segment No. ER002

Mr. William J. Olson
8180 Greensboro Drive, Suite 1070
McLean, Virginia 22102-3850

Dear Mr. Olson:

I refer to our letter dated August 30, 2004 regarding the release of certain Department of State material under the Freedom of Information Act (Title 5 USC Section 552).

The search of the records of the American Embassy in Mexico has been completed, resulting in the retrieval of no documents that appear responsive to your request. We understand that, separately, you received a letter from the Federal Benefits Unit at the Embassy in Mexico City indicating they had no information beyond that already submitted to you by the Social Security Administration.

We have now completed the processing of your case.

The Freedom of Information Act provides for the recovery of the direct costs of searching for and duplicating records requested for non-commercial use. No charge is made for the first two hours of search time or for the first one hundred pages of duplication. Total fees due in this case are $42.50, representing: two and one half hours of professional search time @ $17.00 per hour ($42.50.) Please make your check or money order payable to the Treasurer of the United States, and mail it to the Office of Information Programs and Services, Room 8100, SA-2, Department of State, Washington, D.C., 20522-8100. Please be sure to write the case number on your check or money order.

EXHIBIT E

- 2 -

If you have any questions with respect to the processing of your request, you may write to: Office of Information Programs and Services, U.S. Department of State, SA-2, Washington, D.C. 20522-8100. You may also telephone (202) 261-8314. Please refer to the case and segment numbers shown above in all communications about this case.

We hope that the Department has been of service to you in this matter.

Sincerely,

Margaret P. Grafeld
Director
Office of Information Programs and
Services

# WILLIAM J. OLSON, P.C.

ATTORNEYS AT LAW

8180 GREENSBORO DRIVE, SUITE 1070

McLEAN, VIRGINIA 22102-3860

TELEPHONE (703) 356-5070

FAX (703) 356-5085

E-MAIL: wjo@mindspring.com

http://www.lawandfreedom.com

WILLIAM J. OLSON
(D.C., VA.)
JOHN S. MILES
(D.C., MD., VA., OF COUNSEL)
HERBERT W. TITUS
(VA., OF COUNSEL)

600 PENNSYLVANIA AVE., S.E.
SUITE 410
WASHINGTON, D.C. 20003-4303
TELEPHONE (202) 547-9080

April 28, 2005

Office of Information Programs and Services
Room 8100, SA-2
U.S. Department of State
Washington, D.C. 20522-8100

      Re:    Waiver of Fees in Connection with FOIA Request of August 4, 2003
              TREA Senior Citizens League
              Case No. 200302670

Gentlemen:

We represent TREA Senior Citizens League ("TSCL"), a nonprofit corporation exempt from federal taxation under section 501(c)(4) of the Internal Revenue Code, with its principal office at 909 N. Washington Street, Suite 300, Alexandria, Virginia 22314. On TSCL's behalf, pursuant to 22 C.F.R. § 171.15, we submitted a request for a waiver of fees in connection with its Freedom of Information Act ("FOIA") request dated August 4, 2003 (copy enclosed).

In response to our request, fees were waived by the Department of State in a letter dated August 12, 2003 to us, a copy of which is attached. However, on February 10, 2005, your Department sent us a letter which stated that $42.50 was owed by TSCL because of the associated FOIA request. As a result of the fee waiver, we believe that no fees are owed relating to TSCL's FOIA request. Please confirm if our understanding is correct.

Thank you for your assistance on this matter.

                                Sincerely yours,

                                William J. Olson

WJO:jlm
Enclosures

cc:    TREA Senior Citizens League

EXHIBIT F



**United States Department of State**

*Washington, D.C. 20520*

May 23, 2005

Mr. William J. Olson
8180 Greensboro Drive
Suite 1070
McLean, Virginia

Dear Mr. Olson:

As you requested in your letter of May 6, 2005, in a
footnote at the bottom of page three, we made an error in
assessing you any fees in your #200302670. You owe us no
money and may proceed with any further Freedom of
Information requests with no incumbrances.

You may call me at 202-261-8446 if you have any questions.

Sincerely,

R. Peyton Howard

Enclosure

WILLIAM J. OLSON, P.C.

ATTORNEYS AT LAW

8180 GREENSBORO DRIVE, SUITE 1070

McLEAN, VIRGINIA 22102-3860

TELEPHONE (703) 356-5070

FAX (703) 356-5085

E-MAIL: wjo@mindspring.com

http://www.lawandfreedom.com

WILLIAM J. OLSON
(D.C., VA.)
JOHN S. MILES
(D.C., MD., VA., OF COUNSEL)
HERBERT W. TITUS
(VA., OF COUNSEL)

600 PENNSYLVANIA AVE., S.E.
SUITE 410
WASHINGTON, D.C. 20003-4303
TELEPHONE (202) 547-9080

May 6, 2005

Ms. Margaret P. Grafeld
Information and Privacy Coordinator
Office of Information Resources
  Management Programs and Services
A/RPS/IPS, SA-2
U.S. Department of State
515 22nd Street, N.W.
Washington, D.C.  20522-6001

Re:     Freedom of Information Act (FOIA) Request
        of TREA Senior Citizens League

Dear Ms. Grafeld:

    We represent, and submit this Freedom of Information Act request on behalf of, TREA Senior Citizens League ("TSCL").  TSCL is a nonprofit corporation exempt from federal taxation under Section 501(c)(4) of the Internal Revenue Code, with its principal office at 909 N. Washington St., Suite 300, Alexandria, VA  22314.  TSCL, with more than 1.3 million members, educates its supporters and the public on matters relating to senior citizens of America, including efforts to influence the passage of national legislation favorable to senior citizens.  TSCL and its senior citizen members are concerned, for example, about the protection of Social Security, Medicare, and veteran or military retiree benefits, and TSCL works to educate the public regarding the relevant issues and ways of accomplishing such protection.

    On August 4, 2003, we requested, on behalf of TSCL, copies of records pertaining to Social Security totalization discussions between the United States and the government of Mexico.  Since then, a Social Security totalization agreement has been completed between the United States and Mexico.  Therefore, we renew our request, as follows.

EXHIBIT H

2

## Document Request

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. section 551, *et seq.*, and the Department of State's implementing regulations, 22 C.F.R. § 171.1, *et seq.*, we hereby request copies of the documents itemized below relating to the agreement between the United States and Mexico which would provide, in any manner whatsoever, for the payment of U.S. Social Security benefits to Mexican nationals. Such agreement or proposed agreement is referred to herein as "Social Security Totalization agreement." The specific documents requested are as follows:

(1) the final version of the Social Security Totalization Agreement with the government of Mexico;

(2) all proposed or draft versions of any Social Security Totalization agreement, treaty, or accord, as well as any proposed legislation relating thereto, that was formerly being considered or negotiated, between the United States and Mexico, pursuant to 42 U.S.C. section 433, and any such documents negotiated or considered pursuant to any other authority;

(3) all budgetary, fiscal, and economic analyses of the anticipated or projected financial impact on (i) the United States, (ii) the Social Security Trust Fund, and/or (iii) American senior citizens, which would result from a United States/Mexico Social Security Totalization agreement;

(4) if not already provided above, all documents estimating and/or projecting the pay-out to Mexican nationals of Social Security benefits by the United States by virtue of any Social Security Totalization agreement during the current century;

(5) all estimates of the number of Mexican nationals who currently live legally in the United States, and of the number of Mexican nationals who live illegally in the United States;

(6) all estimates of the number of Mexican nationals who could receive Social Security benefits if a United States/Mexico Social Security Totalization agreement were implemented;

(7) all estimates of the number of Mexican nationals who Permanently Reside in the United States Under Color of Law ("PRUCOL" aliens);

(8) all documents relating to the applicability of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (8 U.S.C. section 1601, *et seq.*) to granting Social Security benefits to Mexican nationals;

3

(9) all documents mentioning and/or analyzing either the advantages or the disadvantages, or both, to the United States or any of its citizens expected to result from a United States/Mexico Social Security Totalization agreement; and

(10) all documents relating to the preparation of the estimates to be submitted to Congress as required by 42 U.S.C. section 433(e)(1).

We request the above documents for the time period of January 1, 2003 until the date of this request.

## Fee Waiver Request

In response to our previous Freedom of Information Act request, your office waived the fees relating to its response thereto.[1]

We request that the search, review, and copying fees be waived as provided under section 5 U.S.C. § 552(a)(4)(A) and 22 C.F.R. § 171.17. TSCL is a nonprofit organization seeking the requested documents so that the economic effect on senior citizens can be assessed. The fees should be waived because release of the requested documents is in the public interest because the requested information is likely to contribute significantly to public understanding of the operations or activities of the government. The requested documents pertain to the operations and activities of the federal government with regard to negotiations with the government of Mexico, and they are anticipated to reveal various significant considerations of the federal government relating to the issue of a totalization agreement with Mexico. These are matters of great public interest and importance to American citizens.

The release of the requested documents is not primarily for any commercial interest or purpose, including any commercial interest of TSCL. TSCL has already disseminated information about the Social Security totalization agreement with Mexico to the public, including its members and others, by mail, e-mail, and through its website. TSCL intends to disseminate further any important information it obtains as a result of this request. Relevant information that TSCL anticipates is contained in the requested documents will be made available to the public through its website, without charge.

If this waiver request is denied, we would appreciate an estimate of the costs involved in procuring any of the requested documents if the cost exceeds $100. If the costs do not exceed $100, however, we do not need an estimate, and we will guarantee payment.

---

[1]    After the fees were waived by the U.S. Department of State, we received a letter claiming that an amount is owed for the previous FOIA request. We have requested that the Department of State address this matter by acknowledging no amount is due, and are awaiting a response.



**United States Department of State**

*Washington, D.C. 20520*

June 14, 2005
Request Number: 200502109

William J. Olson, Esquire
8180 Greensboro Drive, Suite 1070
McLean, VA 22102-3860

Dear Mr. Olson:

Thank you for your letter of May 6, 2005, in which you requested copies of documents relating to the agreement between the United States and Mexico which would provide for the payment of U.S. Social Security benefits to Mexican nationals. The timeframe for this request is January 1, 2003 until the date of this request.

We will begin the processing of your request based upon the information provided in your communication. We will notify you as soon as responsive material has been retrieved and reviewed.

We wish to advise you that the cut-off date for retrieving records is either the date you have given the Department by specifying a particular time frame or the date the search is initiated.

**Fees:** The Freedom of Information Act requires agencies to assess fees to recover the direct costs of processing requests, unless a fee waiver has been granted.

Based upon the information that you have provided, we have placed you in the all other requester category. This category requires us to assess search time after 2 hours/duplication costs after first 100 pages.

---

*Office of Information Programs and Services*
*U.S. Department of State SA-2*
*Washington, DC 20522-8100*
    *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8314*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

EXHIBIT I

Based upon the information provided in your letter, your request for a fee waiver has been denied. If you wish to appeal this decision, you may write to the Chief, Requester Liaison Division, at the address given on the bottom of this page. Your appeal should address the points listed in the enclosed sheet entitled "Requests for Fee Waivers." Your appeal must be sent to us within 30 days from the date that you receive this letter.

You have stated your willingness to pay all the fees incurred in the processing of this request up to $100.00 if your request for a waiver is denied.

We will notify you of the costs incurred in processing your request as soon as the search for and review of any responsive documents have been completed.

Our published regulations regarding expedition, 22 CFR 171.12 (b), require a specific showing of a compelling need. Expeditious processing is granted only in the following situations:   1) imminent threat to the life or physical safety of an individual, 2) urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal Government activity and the information is urgently needed in that a particular value of the information would be lost if not disseminated quickly, 3) substantial humanitarian reasons, and 4) loss of substantial due process rights. Your request does not meet any of the established criteria. Regretfully, I must advise that you have not provided adequate justification for expedition. For your convenience, I have enclosed a copy of the Department's expeditious processing criteria.

If you wish to appeal the denial of expedition, you may write to Ms. Charlene Wright Thomas, Chief, Requester Liaison Division, at the address below within 30 days of receipt of this letter.

*Office of Information Programs and Services*
*U.S. Department of State  SA- 2*
*Washington, DC 20522-8100*
*    Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8314*
*FAX: 1- 202- 261- 8579*
*email:  FOIAStatus@state.gov*

WILLIAM J. OLSON, P.C.
ATTORNEYS AT LAW
8180 GREENSBORO DRIVE, SUITE 1070
McLEAN, VIRGINIA 22102-3860
TELEPHONE (703) 356-5070
FAX (703) 356-5085
E-MAIL wjo@mindspring.com
http://www.lawandfreedom.com

WILLIAM J. OLSON
(D.C., VA.)
JOHN S. MILES
(D.C., MD., VA., OF COUNSEL)
HERBERT W. TITUS
(VA., OF COUNSEL)

600 PENNSYLVANIA AVE., S.E.
SUITE 410
WASHINGTON, D.C. 20003-4303
TELEPHONE (202) 547-9080

August 19, 2005

Ms. Margaret P. Grafeld
Information and Privacy Coordinator
Office of Information Resources
 Management Programs and Services
A/RPS/IPS, SA-2
U.S. Department of State
515 22nd Street, N.W.
Washington, D.C. 20522-6001

Re:    FREEDOM OF INFORMATION ACT (FOIA) REQUEST
       of TREA Senior Citizens League

Dear Sirs:

      We represent TREA Senior Citizens League ("TSCL"), a nonprofit corporation exempt from federal taxation under Section 501(c)(4) of the Internal Revenue Code, with its principal office at 909 N. Washington St., Suite 300, Alexandria, VA 22314.

      On May 6, 2005, on TSCL's behalf, we submitted a FOIA request to the U.S. State Department, requesting records relating to a proposed Social Security Totalization Agreement with Mexico (copy attached). We received a letter from the State Department (copy attached) dated May 23, 2005 with regard to an issue relating to an earlier FOIA request, discussed in our letter of May 6. Your letter, however, did not specifically mention the second part of our May 6 letter (our second FOIA request).

      However, as of today, we have received no additional information regarding the request, nor have we received any request for an extension of the response time. Such a response is long overdue. (See 20 C.F.R. § 402.140.) To date, it has been approximately 100 days since our request was made. We understand that such requests ordinarily are required to be processed within 20 days.

      The need for the requested documents is urgent, as a U.S.-Mexico Totalization Agreement may be presented to Congress at any time. As you know, upon receipt of such an Agreement, Congress has only 60 legislative days to act before the Agreement goes into effect.

EXHIBIT J

2

TSCL has a compelling need to obtain the documents in order to review and analyze them and to prepare its analysis for Congress' consideration.

Most importantly, among the documents requested is a copy of the Social Security Totalization Agreement between the governments of the United States and Mexico, signed by Social Security Commissioner Barnhart and Dr. Santiago Levy Algazi, Director General of the Mexican Social Security Institute, on June 29, 2004, in Guadalajara, Mexico. Even if other requested documents will take additional time to obtain, please provide this one document without further delay.

If your office is unable to provide a duplicate of the complete document now, please provide us with a detailed explanation of why this document is being withheld.

Please respond immediately to our request for records. Additionally, please contact our office by phone in order to update us on the status of this request.

Sincerely yours,

William J. Olson

WJO:jlm
Enclosures

cc:    Mr. George Smith, Chairman
       TREA Senior Citizens League

WILLIAM J. OLSON, P.C.

ATTORNEYS AT LAW

8180 GREENSBORO DRIVE, SUITE 1070

McLEAN, VIRGINIA 22102-3860

TELEPHONE (703) 356-5070

FAX (703) 356-5085

E-MAIL wjo@mindspring.com

http://www.lawandfreedom.com

WILLIAM J. OLSON
(D.C., VA.)
JOHN S. MILES
(D.C., MD., VA., OF COUNSEL)
HERBERT W. TITUS
(VA., OF COUNSEL)

600 PENNSYLVANIA AVE., S.E.
SUITE 410
WASHINGTON, D.C. 20003-4303
TELEPHONE (202) 547-9080

September 30, 2005

Chief of the Requester Liaison Division
Office of Information Programs and Services
U.S. Department of State, SA-2
Washington, D.C. 20522-8100

Re:    APPEAL of Denial of Fee Waiver Request in Connection with TSCL's FOIA
Request of May 6, 2005

Dear Sirs:

We represent TREA Senior Citizens League ("TSCL"), a nonprofit corporation exempt from federal taxation under Section 501(c)(4) of the Internal Revenue Code, with its principal office at 909 N. Washington St., Suite 300, Alexandria, VA 22314. On TSCL's behalf, pursuant to 22 C.F.R. § 171.15, we hereby appeal your agency's denial of our client's request for a waiver of fees in connection with TSCL's Freedom of Information Act ("FOIA") request submitted on May 6, 2005. (A copy of the FOIA request is enclosed.)

On September 15, 2005, our office received, by fax, a State Department letter dated June 14, 2005 (copy enclosed). However, our office had never received this letter in the mail in June, 2005 or any time thereafter prior to September 15, 2005.

Your June 14, 2005 letter, dated 39 days after our FOIA request, states that our fee waiver request dated May 6, 2005, has been denied. The letter states that any appeal must be made within 30 days of receipt of the letter. Since the letter was received by us on September 15, 2005, we hereby appealing the decision within the required time frame.

There is no reasonable basis for the denial of our fee waiver request. Indeed, TSCL previously submitted a FOIA request, in 2003, requesting many of the same type of documents as are requested in TSCL's FOIA request of May 6, 2005. Since TSCL was granted a fee waiver for its 2003 FOIA request, we see no reason that a fee waiver should not apply to this request as well.

The fees should be waived because release of the requested documents is in the public interest, and the requested information is likely to contribute significantly to public

EXHIBIT K

2

understanding of the operations or activities of the government. The requested documents pertain to the operations and activities of the federal government with regard to negotiations with the government of Mexico, and they are anticipated to reveal various significant considerations of the federal government relating to the issue of a totalization agreement with Mexico. These are matters of great public interest and importance to American citizens, especially senior citizens whose interests our client, TSCL — a nonprofit corporation exempt from federal taxation — represents.

The release of the requested documents is certainly not for any commercial interest or purpose. TSCL has already disseminated information about the proposed Social Security totalization agreement with Mexico to the public, including its supporters and others, by mail, e-mail, and through its website. TSCL intends to disseminate further any important information it obtains as a result of this request. Relevant information that TSCL anticipates is contained in the requested documents will be made available to the public through its website, without charge.

Thank you for your prompt attention to this request. We look forward to hearing from you soon.

Sincerely yours,

William J. Olson

WJO:jlm
Enclosures

cc:    TREA Senior Citizens League

**United States Department of State**

*Washington, D.C. 20520*

December 13, 2005
Request Number: 200502109

William J. Olson, Esq.
8180 Greensboro Drive, Suite 1070
McLean, VA 22102-3860

Dear Mr. Olson:

This is in response to your letter of September 30, 2005, in which you appealed our decision to deny your fee waiver request for documents pertaining to the agreement between the United States and Mexico which would provide for the payment of U.S. Social Security benefits to Mexican nationals. The timeframe for this request is January 1, 2003 until May 6, 2005.

After careful consideration of the additional information you submitted in support of your appeal, I have determined that your request does not warrant a fee waiver based upon the established criteria. As you were advised in our letter of June 14, 2005, in order to qualify for a fee waiver, your client's request must satisfy the criteria set forth at 22 CFR 171.17. In particular, we must determine whether disclosure of the information is in the public interest because it is likely to "contribute significantly to public understanding of the operations or activities of the government." In making this determination, we must consider several factors, including the "contribution to an understanding of the subject by the general public [that is] likely to result from disclosure, i.e., whether disclosure of the requested information will contribute to public

*Office of Information Programs and Services*
*U.S. Department of State SA-2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8314*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

EXHIBIT L

-2-

understanding, including whether the requester has expertise in the subject area as well as the intention and ability to disseminate the information to the public." Moreover, while nonprofit organizations, such as your client, are capable of disseminating information, "they do not by virtue of their status presumptively qualify for fee waivers."

Based upon the information contained in your appeal, I do not find that your request has satisfied the criteria. However, if you can provide additional information on how your client intends to disseminate the information, I will be happy to revisit your request for fee waiver.

Inasmuch as you have agreed to pay fees up to the amount of $100.00, we have begun to process your request based upon the information you have provided. As soon as responsive material has been retrieved and reviewed, we will notify you.

If you have any questions, please do not hesitate to contact us. We can provide faster service if you include the case number of your request in your communications with us.

Sincerely,

Charlene Wright Thomas
Division Chief
Requester Liaison Division

Office of Information Programs and Services
U.S. Department of State  SA-2
Washington, DC 20522-8100
    Web site: foia.state.gov

Inquiries:
  Phone: 1-202-261-8314
  FAX: 1-202-261-8579
  email: FOIAStatus@state.gov

## WILLIAM J. OLSON, P.C.

ATTORNEYS AT LAW
8180 GREENSBORO DRIVE, SUITE 1070
McLEAN, VIRGINIA 22102-3860
TELEPHONE (703) 356-5070
FAX (703) 356-5085
E-MAIL wjo@mindspring.com
http://www.lawandfreedom.com

WILLIAM J. OLSON
(D.C., VA.)
JOHN S. MILES
(D.C., MD., VA., OF COUNSEL)
HERBERT W. TITUS
(VA., OF COUNSEL)
JEREMIAH L. MORGAN
(CA. ONLY)

600 PENNSYLVANIA AVE., S.E.
SUITE 410
WASHINGTON, D.C. 20003-4303
TELEPHONE (202) 547-9080

January 19, 2006
Certified Mail

Assistant Secretary for Public Affairs
c/o The Appeals Officer
U.S. Department of State
A/RPS/IPS/PP, SA-2
Washington, DC 20522-6001

Re:    Appeal of Denial of TSCL's FOIA Request of May 6, 2005

Dear Sirs:

We represent TREA Senior Citizens League ("TSCL"), a nonprofit corporation exempt from federal taxation under Section 501(c)(4) of the Internal Revenue Code, with its principal office at 909 N. Washington Street, Suite 300, Alexandria, VA 22314.

This is an appeal of the denial of our May 6, 2005 request to the U.S. State Department under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

On May 6, 2005, on TSCL's behalf, we submitted a FOIA request to the U.S. State Department, requesting records relating to a U.S. Social Security Totalization Agreement with Mexico (copy enclosed). Our May 6, 2005 letter was acknowledged by the State Department in a letter dated May 23, 2005 (copy enclosed), discussing an issue relating to an earlier FOIA request, also mentioned in our letter of May 6, 2005. The May 23, 2005 State Department letter, however, did not specifically discuss or respond to our May 6, 2005 FOIA request. On August 19, 2005, we sent a follow-up letter to the State Department to ascertain the status of our request (copy enclosed). To date, we have received no response.

Receiving no response, we telephoned the State Department on September 15, 2005, and spoke with Ms. Margaret Roman. Ms. Roman said she would investigate why our request had not been processed and get back to us, although she has not. Thereafter, on September 15, 2005, our office received, by fax, a State Department letter dated June 14, 2005 (copy enclosed), denying our fee waiver request. Despite the June date on that letter, our office never received this letter prior to September 15, 2005. On September 16, 2005, we sent the

EXHIBIT M

2

State Department a letter appealing the denial of our fee waiver request. This request was denied by letter dated December 13, 2005.

As of this date, we have received no substantive response to TSCL's FOIA request, nor have we received any request for an extension of the response time. Such a response is long overdue. *See* 20 C.F.R. § 402.140. To date, it has been over eight months since the FOIA request was made. We understand that such requests ordinarily are required to be processed within 20 days.

This disregard of our FOIA request by the State Department appears to be in clear violation of the FOIA and your agency's regulations. **We hereby appeal the decision** made by the State Department **effectively denying our FOIA request** by failing to respond to it.

We would respectfully urge you to grant our appeal and order the release of the documents we have requested, including the U.S./Mexico Totalization Agreement, as executed by the two parties, and we would ask you to do so at the earliest possible date.

Please do not hesitate to contact the undersigned, or John Miles of this office, by telephone, if it would assist in the proper resolution of this matter.

Sincerely yours,

William J. Olson

WJO:rjo
Enclosures
cc:  TREA Senior Citizens League



**United States Department of State**

*Washington, D.C. 20520*

FEB - 1 2006

Case No. 200502109
Segment No. ER001

Mr. William J. Olson, P.C.
8180 Greensboro Drive
Suite 1070
McLean, VA 22102-3860

Dear Mr. Olson:

I refer to your request of May 6, 2005, for the release of
information under the Freedom of Information Act (Title 5 USC
Section 552). To retrieve those documents, we initiated a
search of the following record systems under the control of
the Department of State: the Central Foreign Policy Records
(the Department's principal record system), the Bureau of
Western Hemisphere Affairs, the Bureau of Consular Affairs,
and the Office of the Legal Adviser.

The search of the Central Foreign Policy Records has been
completed, resulting in the retrieval of six documents that
appear responsive to your request. These documents have been
grouped together as segment number ER001. After reviewing
them, we have determined that four may be partially released,
and two may not be released. All released documents are
enclosed.

The material in the two documents withheld in full is
currently and properly classified under Executive Order
12958 in the interest of national defense or foreign
relations. As such, it is exempt from release under
subsection (b)(1) of the Freedom of Information Act.

The material in the excised portions of four of the
documents released in part is related solely to the internal
personnel rules and practices of an agency. As such, it is
exempt from release under subsection (b)(2) of the Freedom
of Information Act.

- 2 -

In the case of a document released in part, all non-exempt material that is reasonably segregable from the exempt material has been released.

With respect to material we have withheld under the Freedom of Information Act, you have the right to appeal our determination within sixty days. Appeals should be addressed to: Chairman, Appeals Review Panel, c/o Appeals Officer, A/RPS/IPS/PP/IA, U.S. Department of State, SA-2, Room 8100, Washington, DC 20522-8100. The letter of appeal should refer to the case and segment numbers shown above. A copy of the appeals procedures is enclosed.

Still in progress are the searches of the records of the Bureau of Western Hemisphere Affairs, the Bureau of Consular Affairs, and the Office of the Legal Adviser. Additional information will be provided as soon as it becomes available.

If you have any questions with respect to the processing of your request, you may write to: Office of Information Programs and Services, U.S. Department of State, SA-2, Room 8100, Washington, DC 20522-8100. You also may telephone (202) 261-8314. Please refer to the case and segment numbers shown above in all communications about this case.

Your continuing cooperation is appreciated.

Sincerely,

Margaret P. Grafeld
Director
Office of Information Programs
   and Services

Enclosures:
  As stated.

## Rules and Regulations

Subpart F – Appeal Procedures

§ 171.52 Appeal of denial of access to, declassification of, amendment of, accounting of disclosures of, or challenge to classification of records.

(a) *Right of administrative appeal.* Except for records that have been reviewed and withheld within the past two years or are the subject of litigation, any requester whose request for access to records, declassification of records, amendment of records, accounting of disclosure of records, or any authorized holder of classified information whose classification challenge has been denied, has a right to appeal the denial to the Department's Appeals Review Panel. This appeal right includes the right to appeal the determination by the Department that no records responsive to an access request exist in Department files. Privacy Act appeals may be made only by the individual to whom the records pertain.

(b) *Form of appeal.* There is no required form for an appeal. However, it is essential that the appeal contain a clear statement of the decision or determination by the Department being appealed. When possible, the appeal should include argumentation and documentation to support the appeal and to contest the bases for denial cited by the Department. The appeal should be sent to: Chairman, Appeals Review Panel, c/o Appeals Officer, A/RPS/IPS/PP/LC, U.S. Department of State, SA-2, Room 8100, Washington, DC 20522-8100.

(c) *Time limits.* The appeal should be received within 60 days of the date of receipt by the requester of the Department's denial. The time limit for response to an appeal begins to run on the day that the appeal is received. The time limit (excluding Saturdays, Sundays, and legal public holidays) for agency decision on an administrative appeal is 20 days under the FOIA (which may be extended for up to an additional 10 days in unusual circumstances) and 30 days under the Privacy Act (which the Panel may extend an additional 30 days for good cause shown). The Panel shall decide mandatory declassification review appeals as promptly as possible.

(d) *Notification to appellant.* The Chairman of the Appeals Review Panel shall notify the appellant in writing of the Panel's decision on the appeal. When the decision is to uphold the denial, the Chairman shall include in his notification the reasons therefore. The appellant shall be advised that the decision of the Panel represents the final decision of the Department and of the right to seek judicial review of the Panel's decision, when applicable. In mandatory declassification review appeals, the Panel shall advise the requester of the right to appeal the decision to the Interagency Security Classification Appeals Panel under §3.5(d) of E.O. 12958.

WILLIAM J. OLSON, P.C.

ATTORNEYS AT LAW

8180 GREENSBORO DRIVE, SUITE 1070

McLEAN, VIRGINIA 22102-3860

TELEPHONE (703) 356-5070

FAX (703) 356-5085

E-MAIL: wjc@mindspring.com

http://www.lawandfreedom.com

WILLIAM J. OLSON
(D.C., VA.)
JOHN S. MILES
(D.C., MD., VA., OF COUNSEL)
HERBERT W. TITUS
(VA., OF COUNSEL)
JEREMIAH L. MORGAN
(CA. ONLY)

600 PENNSYLVANIA AVE., S.E.
SUITE 410
WASHINGTON, D.C. 20003-4303
TELEPHONE (202) 547-9080

March 20, 2006
Via FedEx

Chairman, Appeals Review Panel
c/o Appeals Officer
A/RPS/IPS/PP/IA
SA-2, Room 8100
U.S. Department of State
Washington, D.C. 20522-8001

Re:    Freedom of Information Appeal
       Appeal of State Department's  February 1, 2006 Response to and Denial of
       TSCL's FOIA Request of May 6, 2005
       (Case Number 200502109; Segment No. ER001)

Dear Sir:

We represent TREA Senior Citizens League ("TSCL"), a nonprofit corporation exempt from federal taxation under Section 501(c)(4) of the Internal Revenue Code, with its principal office at 909 N. Washington St., Suite 300, Alexandria, VA  22314.

This is an appeal of the February 1, 2006 letter of response to our May 6, 2005 request on behalf of TSCL to the State Department under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The State Department's letter of response was received by us on February 6, 2006 (hereinafter referred to as "the denial letter," copy enclosed), withholding certain documents as explained further below. As the letter expressly notes, an appeal of the State Department's determination may be submitted "within sixty days," and therefore this appeal is timely.

On May 6, 2005, on TSCL's behalf, we submitted a FOIA request to the U.S. State Department, requesting records relating to a U.S. Social Security Totalization Agreement with Mexico and containing a fee waiver request (copy enclosed). Our May 6, 2005 letter was acknowledged by the State Department in a letter dated May 23, 2005, which discussed an issue relating to an earlier FOIA request that also was mentioned in our letter of May 6, 2005. The May 23, 2005 State Department letter, however, did not specifically discuss or respond to our May 6, 2005 FOIA request. On August 19, 2005, we sent a follow-up letter to the State

2

Department to ascertain the status of our request. On September 15, 2005, our office received, by fax, a State Department letter dated June 14, 2005, denying our fee waiver request. On September 16, 2005, we sent the State Department a letter appealing the denial of our fee waiver request. This request was denied by letter dated December 13, 2005.

Having received no response to the particulars of the FOIA request, on January 19, 2006, we sent another letter to the State Department appealing its effective denial of our request, by failing to respond to it for almost nine months. Only then did the State Department respond to our request with the denial letter of February 1, 2006. According to that letter, the State Department search of the Central Foreign Policy Records system resulted in the retrieval of six documents, which were grouped together as "segment number ER001." Two of those documents, which were not described at all, were withheld in full as "classified under Executive Order 12598 in the interest of national defense or foreign relations." The other four were partially released, with certain portions said to have been "excised" because they were related to "the internal personnel rules and practices of an agency." The released portions appear to consist of communications from the "Embassy Mexico" apparently dealing with the ability to provide U.S. consular services in Mexico, offer no information whatsoever about the subject matter of TSCL's FOIA request of May 6, 2005 — namely, the U.S. Social Security Totalization Agreement with Mexico — and thus appear to be virtually irrelevant to TSCL's FOIA request.

The denial letter of February 1, 2006, states that two of the documents are being withheld in full, but there is no indication, either in the denial letter or in any other document transmitted to TSCL, as to what those withheld documents are. Since the withheld documents have not been adequately described, it is impossible to know that the claimed exemption would apply. Therefore, we submit that the exception would not apply, and ask that the decision to withhold these documents be reversed. The same position obtains with respect to the excised portions of the four documents that were partially released.

We submit that the State Department has a duty to describe the documents, as well as the excised portions of documents, that are being withheld. Anything less makes it impossible for a FOIA requester, such as TSCL, to be able to evaluate the reasonableness of the agency's decision to withhold documents and to challenge that decision.

Furthermore, although we do not know what documents have been withheld, we submit that the State Department's response surely has improperly ignored or refused to honor TSCL's FOIA request, which seeks documents relative to the U.S./Mexico Totalization Agreement. In reviewing the documents that were provided, we were able to find only a single reference to a possible totalization agreement. The United States and Mexico have been involved in discussions, research and reports for several years now in fashioning a totalization agreement, and the State Department must have many documents addressing the subject. Not only has the State Department failed to provide TSCL with any meaningful documents, but also it has failed to explain its refusal to provide documents that certainly exist, including a

3

signed copy or final version of the U.S./Mexico Totalization Agreement itself, which we have specifically and directly requested on multiple occasions. We submit that any contention by the State Department that the final version of the Totalization Agreement can be withheld under the classification provisions of Executive Order 12598 surely is erroneous. Although U.S. "foreign relations" is a classification category under Executive Order 12598, such a classification is not permissible if it "does not require protection in the interest of national security." *See* Executive Order 12598, Sec. 1.7(a)(4). We also challenge any classification decision that was not made according to the requirements of Section 1.7(d) of Executive Order 12598.

Moreover, with respect to the claimed (b)(2) exemption relating to "excised portions" of the four documents that were disclosed, we also have no ability to gauge the reasonableness of the claimed exemption because of the paucity of the information that was provided, and we appeal that determination as well. Certainly, if the excised portions have anything whatsoever to do with the subject of the U.S./Mexico Totalization Agreement, the material appears to have been improperly withheld.

Finally, we note that, although the State Department claims it initiated a search of several record systems under its control, only information from one records system has been obtained. In view of the time that has elapsed, the State Department's response is unreasonable and constitutes a clear violation of the FOIA. The State Department's open-ended claim that other information "will be provided as soon as it becomes available" cannot be justified in the context of TSCL's FOIA request. The State Department was already months late in responding to TSCL's May 2005 request. There is no reasonable basis for the position it now advances concerning the total absence of information from its other record systems.

**We hereby appeal the State Department's denial of TSCL's FOIA request** on all of the grounds set forth above. We respectfully would urge you to grant TSCL's appeal and order the release of the documents we have requested, in particular (but not limited to) the U.S./Mexico Totalization Agreement as executed by the parties. We would ask that you do so at the earliest possible date.

Please do not hesitate to contact the undersigned, or John Miles of this office, by telephone, if it would assist in a proper and expedient resolution of this matter.

Sincerely yours,

William J. Olson

WJO:mm
Enclosures
cc: TREA Senior Citizens League



**United States Department of State**

*Washington, D.C. 20520*

March 28, 2006

William Olson, P.C.
8180 Greensboro Drive, Suite 1070
McLean VA 22102-3860

Re: Freedom of Information Request No. 200502109

Dear Mr. Olson:

This letter is to inform you that the Chairman of the Department's Appeals
Review Panel has received your letter of March 20, 2006, appealing
Freedom of Information Case No. 200502109.

As you were advised in a letter from Ms. Grafeld dated February 1, 2006,
searches for responsive material are ongoing. Additional information will be
provided as soon as it becomes available.

Should you have any questions concerning the status of your appeal, please
write to:

> The Appeals Officer
> A/RPS/IPS/PP/LC
> SA-2, Room 8100
> U.S. Department of State
> Washington, D.C. 20522-8100

Sincerely,

Lori Hartmann
Appeals Officer
Office of Information Programs and Services

EXHIBIT P

# WILLIAM J. OLSON, P.C.

ATTORNEYS AT LAW

8180 GREENSBORO DRIVE, SUITE 1070

McLEAN, VIRGINIA 22102-3860

TELEPHONE (703) 356-5070

FAX (703) 356-5085

E-MAIL: wjo@mindspring.com

http://www.lawandfreedom.com

WILLIAM J. OLSON
(D.C. VA.)
JOHN S. MILES
(D.C., MD., VA., OF COUNSEL)
HERBERT W. TITUS
(VA., OF COUNSEL)
JEREMIAH L. MORGAN
(CA. ONLY)

600 PENNSYLVANIA AVE., S.E.
SUITE 410
WASHINGTON, D.C. 20003-4303
TELEPHONE (202) 547-9080

April 26, 2006
By Federal Express

Chairman, Appeals Review Panel
c/o Appeals Officer
A/RPS/IPS/PP/IA
SA-2, Room 8100
U.S. Department of State
Washington, D.C. 20522-8001

> Re:    Freedom of Information Appeal
>        Request for Immediate Decision
>        (Case Number 200502109; Segment No. ER001)

Dear Sir:

We represent TREA Senior Citizens League ("TSCL"), a nonprofit corporation exempt from federal taxation under Section 501(c)(4) of the Internal Revenue Code, with its principal office at 909 N. Washington St., Suite 300, Alexandria, VA 22314.

On TSCL's behalf, by letter dated March 20, 2006, we appealed the State Department's denial of TSCL's May 6, 2005 request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

On April 5, 2006, we received a letter from your office dated March 28, 2006 (copy enclosed). That letter, after acknowledging receipt of our appeal, merely stated that "searches for responsive material are ongoing" and that "[a]dditional information will be provided as soon as it becomes available." The letter of April 5, 2006 did not address the merits of TSCL's appeal in any way whatsoever.

That letter of April 5, 2006, is an inadequate response to TSCL's appeal. The grounds of TSCL's appeal are set forth in specific detail in our appeal letter of March 20, 2006. Your office's letter of April 5, 2006 ignored them completely. On behalf of TSCL, we request a decision on the appeal. We ask that it address the merits of the State Department's response to TSCL's appeal, with reference to the specific grounds of appeal, and we ask that it be rendered forthwith.

EXHIBIT Q

2

The fact that the State Department, to date, has not even completed its search for the materials requested by TSCL in its FOIA request of May 6, 2005 (almost one year ago), and that it will respond when further documents are retrieved, is a separate subject. While the State Department's responsiveness to TSCL's request of May 6, 2005, has been sorely lacking, the issue in TSCL's present appeal concerns the State Department's grounds for withholding the documents it has admitted have been found.

The FOIA process was designed to permit the people access to information and documents to which they are entitled. To date, the State Department's response to TSCL's FOIA request frustrates the statutory goals. It appears to be in clear violation of the law. On TSCL's behalf, we request a decision on TSCL's appeal forthwith.

Sincerely yours,

William J. Olson

WJO:mm
Enclosure
cc:  TREA Senior Citizens League



**United States Department of State**

*Washington, D.C. 20520*

May 1, 2006

William J. Olson, P.C.
Attorneys at Law
8180 Greensboro Drive, Suite 1070
McLean, VA 22102-3860

Dear Mr. Olson:

Thank you for your letter of April 26, 2006, inquiring about the status of your
appeal in case number 200502109. It is not possible to predict when action on
your appeal will be completed. The Department of State has a large number of
Freedom of Information Act and Privacy Act requests pending. Your appeal will
be processed in turn.

Federal regulations provide that a requester shall be deemed to have exhausted
his/her administrative remedies if an agency fails to respond to an appeal within
the twenty-day time period, and the requester may then immediately seek judicial
review. Thus, since the twenty-day period has elapsed, you are free to seek
judicial review should you wish to do so.

Sincerely,

Lori Hartmann
Appeals Officer
Office of Information Programs and Services

EXHIBIT R