IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
TREA SENIOR CITIZENS LEAGUE,                )
                                            )
                Plaintiff,                  )
                                            )
        v.                                  )        Civil Action No. 06-1201 (CKK)
                                            )
U.S. DEPARTMENT OF STATE,                   )
                                            )
                Defendant.                  )
_____)

**DEFENDANT'S ANSWER**

Defendant United States Department of State answers plaintiff's complaint upon

information and belief as follows:

FIRST DEFENSE

In response to the numbered paragraphs of plaintiff's complaint, defendant responds as

follows:

1.  This paragraph consists of a legal conclusion and plaintiff's characterization of the

nature of plaintiff's action, to which no response is required.  To the extent that a response is

deemed required, defendant admits only that this action is brought under the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552.

2.  This paragraph contains plaintiff's conclusions of law regarding the scope and extent

of the Court's jurisdiction and venue, to which no response is required.

3.  This paragraph contains plaintiff's characterization of itself.  Defendant lacks

knowledge sufficient to form a belief as to the nature of plaintiff's organization and its activities.

4.  Defendant admits the first sentence.  As to the second sentence, defendant admits that the State Department is established by statute and is responsible for assisting in the conduct of relations between the United States and foreign governments, including negotiations, agreements, and treaties, the remainder of the sentence contains plaintiff's conclusion of law, to which no response is required.  As to the third sentence, defendant admits to control of certain records responsive to plaintiff's request.

5.  This paragraph contains plaintiff's characterization of itself.  Defendant lacks knowledge sufficient to form a belief as to the nature of plaintiff's organization and its activities.

6.  Defendant admits the first sentence to the extent that during the period 2002-2004, the United States Commissioner of Social Security and the Director General of the Mexican Social Security Institute, along with a number of other Social Security Administration employees and Mexican officials, were involved in the negotiation of a totalization agreement between their respective countries and that SSA publicly announced the signing of that agreement.  Defendant lacks sufficient knowledge to form a belief as to the nature or existence of the referenced report or reports.  As to the second sentence, defendant lacks sufficient knowledge to form a belief as to the nature of plaintiff's belief.  Defendant denies the third sentence.

7.  Defendant admits receipt of the letter dated August 4, 2003 (Exhibit A of plaintiff's complaint).  Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content.

8.  Defendant admits that the letter dated August 12, 2003, (Exhibit B of plaintiff's complaint), is a response to plaintiff's August 4, 2003, FOIA request.  Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content.

9. Defendant admits receipt of the letter dated March 8, 2004, (Exhibit C of plaintiff's complaint). Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content.

10. Defendant admits that the letter dated August 30, 2004, (Exhibit D of plaintiff's complaint), is a response to plaintiff's August 4, 2003, FOIA request. Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content. Defendant also admits that no draft or copy of the U.S./Mexico Totalization Agreement was provided to plaintiff. Defendant lacks sufficient knowledge to form a belief as to whether the documents provided were "useless" to plaintiff.

11. Defendant admits that the letter dated February 10, 2005, (Exhibit E of plaintiff's complaint), is a response to plaintiff's August 4, 2003, FOIA request. Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content.

12. Defendant admits receipt of the letter dated April 28, 2005, (Exhibit F of plaintiff's complaint). Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content. Defendant also admits that the letter dated May 23, 2005, (Exhibit G of plaintiff's complaint), is a response to plaintiff's letter dated April 28, 2005. Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content.

13. Defendant admits receipt of the letter dated May 6, 2005, (Exhibit H of plaintiff's complaint). Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content.

14. Defendant admits receipt of the letter dated May 6, 2005, (Exhibit H of plaintiff's

complaint).  Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content.

15.   Defendant admits that the letter dated June 14, 2005, (Exhibit I of plaintiff's complaint), is a response to plaintiff's May 6, 2005, FOIA request.  Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content.

16.   Defendant admits receipt of the letter dated August 19, 2006, (Exhibit J of plaintiff's complaint).  Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content.

17.   Defendant admits receipt of the letter dated September 30, 2005, (Exhibit K of plaintiff's complaint).  Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content.  Defendant also admits that the letter dated December 13, 2005, (Exhibit L of plaintiff's complaint), is a response to plaintiff's September 30, 2005, letter. Defendant respectfully refers the Court to the text of the December 13, 2005, letter for a full and accurate statement of its content.

18.   Defendant admits receipt of the letter dated January 19, 2006, (Exhibit M of plaintiff's complaint).  Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content.

19.   Admit.

20.   Defendant admits that the letter dated February 1, 2006, (Exhibit N of plaintiff's complaint), is a response to plaintiff's May 6, 2005, FOIA request.  Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content.  Defendant also admits that no copy of the U.S./Mexico Totalization Agreement was furnished to plaintiff.

21. Defendant admits this paragraph to the extent that Defendant has since February 1, 2006, discovered documents that may be responsive to plaintiff's May 6, 2005 FOIA request and as defendant notified plaintiff in the February 1, 2006 letter that its search was incomplete as of that date.

22. Defendant admits receipt of the letter dated March 20, 2006 (Exhibit O of plaintiff's complaint), in response defendant's February 1, 2006 letter. Defendant respectfully refers the Court to the text of those letters for a full and accurate statement of their content. The remainder of this paragraph contains plaintiff's conclusion of law, to which no response is required. To the extent that a response is deemed required, defendant denies.

23. The paragraph contains plaintiff's conclusions of law, to which no response is required. To the extent that a response is deemed required, defendant denies.

24. Defendant admits that the letter dated March 28, 2006 (Exhibit P of plaintiff's complaint), is a response to plaintiff's March 20, 2006 letter. Defendant respectfully refers the Court to the text of the March 28, 2006 letter for a full and accurate statement of its content.

25. Defendant admits receipt of the letter dated April 26, 2006, (Exhibit Q of plaintiff's complaint). Defendant respectfully refers the Court to the text of that letter for a full and accurate statement of its content.

26. Defendant admits that the letter dated May 1, 2006 (Exhibit R of plaintiff's complaint), is a response to plaintiff's April 26, 2006 letter. Defendant respectfully refers the Court to the text of the May 1, 2006 letter for a full and accurate statement of its content.

27. This paragraph contains plaintiff's conclusion of law, to which no response is required. To the extent that a response is deemed required, defendant admits that plaintiff has

exhausted the applicable administrative remedies with respect to the fee waiver request and the production of documents in response to plaintiff's May 6, 2005, FOIA request. Defendant denies that plaintiff has exhausted the applicable administrative remedies with respect to expedited processing of either request.

28. Defendant denies the allegations in this paragraph.

29. This paragraph simply realleges the previous paragraphs and no further response is necessary.

30. This paragraph contains plaintiff's conclusions of law, to which no response is required. To the extent that a response is deemed required, defendant denies.

31. This paragraph contains plaintiff's conclusion of law, to which no response is required. To the extent that a response is deemed required, defendant denies.

32. This paragraph simply realleges the previous paragraphs and no further response is necessary.

33. This paragraph contains plaintiff's conclusions of law, to which no response is required. To the extent that a response is deemed required, defendant denies.

The final four paragraphs of the complaint represent a Prayer for Relief to which no response is required. To the extent that a response is deemed required, defendant denies that plaintiff is entitled to the relief requested or to any other relief. Except to the extent expressly admitted or qualified above, defendant denies each and every allegation in the complaint.

WHEREFORE, the defendant prays for an order:

(1) denying plaintiff's request for relief;

(2) dismissing plaintiff's complaint with prejudice; and

(3) for such other and further relief as the Court deems just and proper.


Dated: September 6, 2006                    Respectfully submitted,

                                            PETER D. KEISLER
                                            Assistant Attorney General

                                            KENNETH L. WAINSTEIN
                                            United States Attorney

                                            ELIZABETH J. SHAPIRO (D.C. Bar #418925)
                                            Assistant Director

                                             /s/ Paul A. Dean
                                            _____
                                            PAUL A. DEAN
                                            Member of the New York Bar
                                            Trial Attorney
                                            U.S. Department of Justice
                                            Civil Division
                                            Federal Programs Branch
Of Counsel:                                 20 Massachusetts Avenue, NW, Room 6132
                                            Washington, D.C. 20001
Brian Egan                                  Telephone: (202) 514-1280
Office of the Legal Adviser                 Facsimile: (202) 616-8470
                                            Paul.Dean@usdoj.gov
U.S. Department of State
                                            Attorneys for Defendant